**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Puente Arizona, | No. CV14-1356 PHX DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Joseph M. Arpaio, Sheriff of Maricopa County, Arizona, in his official capacity, et al., | |
| Defendants. | |

In addressing the pending motion for preliminary injunction and motions to dismiss, the Court has identified two issues that require further input from the parties.

**A.     Proof of Standing.**

To establish associational standing, Puente Arizona must show that at least one of its members would have standing to sue in his or her own right. Puente has attempted to do this with the affidavits of Carlos Garcia. Garcia asserts that he knows of Puente members who are violating the identity theft laws and face a credible threat of prosecution.

In *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009), certain organizations argued that environmental regulations injured their members' recreational interests. The Court found that the organizations had failed to identify or name a single member whose recreational interests would be harmed by the regulations. The organizations therefore did not have standing. The Court provided this explanation:

> The dissent proposes a hitherto unheard-of test for organizational standing: whether, accepting the organization's self-description of the activities of its members, there is a statistical probability that some of those members are threatened with concrete injury. . . .  This novel approach to the law of organizational standing would make a mockery of our prior cases, which have required plaintiff-organizations to make specific allegations establishing that at least one identified member had suffered or would suffer harm. . . .  [In a previous case,] we noted that the affidavit provided by the city to establish standing would be insufficient because it did not name the individuals who were harmed by the challenged license-revocation program.  This requirement of naming the affected members has never been dispensed with in light of statistical probabilities, but only where all the members of the organization are affected by the challenged activity.
>
> A major problem with the dissent's approach is that it accepts the organizations' self-descriptions of their membership, on the simple ground that "no one denies" them.  But it is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties.

*Id*. at 497-99 (citations omitted).  *Summers* appear to require that an organization seeking standing provide specific factual information regarding concrete injury to one or more of its members.  The Garcia declarations do not provide such detail.

Two months after *Summers*, the Ninth Circuit decided *White Tanks Concerned Citizens, Inc. v. Strock*, 563 F.3d 1033 (9th Cir. 2009).  The case involved an organization asserting associational standing to challenge environmental regulations.  The organization submitted an affidavit by its director, Beneli.  "The affidavit explains the purpose and history of the organization, but does not spell out the interests that Beneli personally had in the area to be developed as Festival Ranch.  Instead, the affidavit states that members of WTCC regularly use the area, planned as Festival Ranch, for recreational purposes."  *Id*. at 1038.  The court did not address whether the affidavit identified or named the individual members who would be affected by the regulations.  The court simply found that the organization had "properly alleged that its members 'use the affected area and are

1  persons for whom the aesthetic and recreational values of the area will be lessened by the
2  challenged activity.'" *Id*. at 1039.

3    The Court concludes that the more demanding standard of *Summers* controls. The
4  Court also concludes that mere allegations of concrete injury, although sufficient to
5  establish standing at the pleading stage, are not sufficient when a party seeks affirmative
6  equitable relief as do Plaintiffs. Applying *Summers*, the Court concludes that Puente has
7  not made a sufficient showing to establish associational standing. This is particularly true
8  given the requirement, at the preliminary injunction stage, that a plaintiff make a "clear
9  showing" of standing. *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010).

10   Applying the test set forth in *Does I thru XXIII v. Advanced Textile Corp.*, 214
11  F.3d 1058, 1068-69 (9th Cir. 2000), the Court also concludes that Puente should be
12  permitted to file Doe affidavits of one or more members. Defendants agree that many
13  undocumented aliens are using false forms of identification to obtain employment in
14  Arizona. Defendants readily admit that they are actively enforcing the identity theft
15  statutes at issue in this case, and they do not dispute that prosecution under those statutes
16  can result not only in criminal sanctions, but also in serious immigration consequences.
17  In light of these admitted facts, the Court concludes that Puente's members reasonably
18  fear serious consequences if their identities are disclosed, that they are vulnerable to
19  prosecution under the identity theft statutes, and that Defendants will not be prejudiced
20  by submission of anonymous affidavits at this stage of the litigation. The Court also
21  concludes that the public interest favors resolution of the constitutional issues raised by
22  the parties' briefing. *Id.*

23    **B.    Pre-enforcement Review and Constitutional Interests.**

24    The Court is concerned about an issue not addressed by the parties. The Supreme
25  Court has repeatedly suggested that plaintiffs can obtain pre-enforcement review of an
26  allegedly unconstitutional statute when they intend to engage in a "course of conduct
27  arguably affected with a constitutional interest[.]" *Babbitt v. Farm Workers*, 442 U.S.
28  289, 298 (1979). This requirement was recently reiterated in *Susan B. Anthony List v.*

1 *Driehaus*, 134 S. Ct. 2334 (2014):

> We have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent. Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder."

*Id*. at 2342 (quoting *Babbitt*, 442 U.S. at 298).

Courts have not extensively discussed the meaning or purpose of this requirement. Some cases involving pre-enforcement challenges do not apply it. *See Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829 (9th Cir. 2012); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000); *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121 (9th Cir. 1996). Other cases appear to recognize it: For example, in *Brache v. Westchester Cnty.*, 658 F.2d 47 (2d Cir. 1981), the court noted: "[T]here does not appear to be any modern Supreme Court authority for the proposition that a seller of goods may obtain a federal pre-enforcement ruling as to the vagueness of a state statute, in the absence of any claim that the seller or a prospective customer has a constitutional right to sell or buy the goods." *Id.* at 52 n.6.

Many cases involving a pre-enforcement challenge quote and apply the constitutional interest requirement, but with little analysis. These cases often involve First Amendment rights where the plaintiffs clearly have an "intention to engage in a course of conduct arguably affected with a constitutional interest." *See*, *e.g.*, *Susan B. Anthony*, 134 S. Ct. at 2342-44 (collecting Supreme Court cases on this issue); *Kiser v. Reitz*, 765 F.3d 601 (6th Cir. 2014); *Arizona Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002 (9th Cir. 2003); *LSO, Ltd. v. Stroh*, 205 F.3d 1146 (9th Cir. 2000).

In a recent case, the Ninth Circuit seemed clearly to recognize this requirement. The plaintiff in *Sturgeon v. Masica*, 768 F.3d 1066 (9th Cir. 2014), used a hovercraft on

the Nation River to hunt moose. A federal regulation prohibited the use of hovercrafts on this river. Sturgeon brought a pre-enforcement challenge. In finding that Sturgeon had standing, the Ninth Circuit relied on *Susan B. Anthony* and held:

> Sturgeon has satisfied the injury-in-fact requirement. He has alleged an intention to use his hovercraft, and has contacted both NPS and the Department of the Interior regarding the applicability and enforcement of the regulation to his hovercraft use. Sturgeon's inability to use his hovercraft for moose-hunting purposes arguably implicates his right under the Privileges or Immunities Clause of the Fourteenth Amendment "to use the navigable waters of the United States, however they may penetrate the territory of the several States." Sturgeon thus alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest."

*Id*. at 1071-72 (citations omitted).

The Ninth Circuit also faced this issue in *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013). The plaintiff was a pastor who provided transportation and shelter to undocumented aliens. The pastor brought a pre-enforcement challenge to an Arizona law that prohibited her conduct. The Ninth Circuit quoted the constitutional interest requirement, but summarily found "[the pastor] has established a credible threat of prosecution under this statute, which she challenges on constitutional grounds." *Id*. at 1015. The court did not further discuss the constitutional interest requirement.

**C.    Next Steps.**

By December 10, 2014, Plaintiffs shall file a memorandum, not to exceed 10 pages, which attaches one or more anonymous affidavits and addresses why they show standing in this case. The affidavits should confirm not only that the affiant is using false identification for employment in Arizona and why the affiant reasonably fears prosecution, but also that the affiant is a current member of Puente and was a member when this lawsuit was filed. Plaintiffs' memorandum shall also address the second issue identified above. If Plaintiffs agree that they must intend to engage in a course of conduct arguably affected with a constitutional interest, they should specifically identify

that interest. Plaintiffs should not base their argument solely on the fact that some cases appear to have not applied this requirement. They should address whether it is required under Supreme Court precedent or Ninth Circuit precedent that does not conflict with Supreme Court case law.

By December 17, 2014, Defendants shall file a joint memorandum, not to exceed ten pages, addressing Plaintiffs' December 10th filing. No further memoranda will be filed without order of the Court.

Dated this 1st day of December, 2014.

_____
David G. Campbell
United States District Judge