1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Puente Arizona, et al.,                    No. CV14-1356 PHX DGC

10                        Plaintiffs,

11   v.                                          **ORDER**

12   Joseph M. Arpaio, Sheriff of Maricopa
     County, Arizona, in his official capacity, et
13   al.,

14                        Defendants.

15           On January 20, 2016, the Court held a three-hour hearing with the parties to

16   discuss a number of discovery issues.  The Court previously required the parties to file

17   memoranda on these issues (Doc. 347), and reviewed the memoranda before the hearing

18   (Docs. 353, 355, 366, 369).  This order will set forth several rulings on issues raised by

19   the parties.  Although some rationale will be provided, a review of the transcript of the

20   hearing will provide a more complete understanding of the Court's decisions.

21   **I.      Fifth Amendment Issues.**

22           Defendants disagree with assertions of the Fifth Amendment made during the

23   depositions of Sara Cervantes Arreola and Elia Estrada Fernandez (the "Expungement

24   Plaintiffs").  Because the Fifth Amendment must be invoked on a question-by-question

25   basis, the Court has directed the parties to prepare a matrix for the Court's consideration.

26   Each line of the matrix should address a question which was not answered on Fifth

27   Amendment grounds.  The matrix will include four columns.  The first column should set

28   forth the question asked; the second column should set forth the invocation of the Fifth

Amendment; the third column shall contain Defendants' argument as to why invocation of the Fifth Amendment is improper; and the fourth column shall contain Plaintiffs' argument as to why the Fifth Amendment was properly invoked.  The parties shall file the matrix with the Court by **January 29, 2016.**

**II.    Sensitive Information.**

A.    Plaintiffs ask the Court to preclude Defendants from inquiring into specific sensitive information during the depositions of the Expungement Plaintiffs and Mr. Garcia, the executive director of Puente.  Plaintiffs' requested protective order (Doc. 355) is granted with respect to the following categories:  (1) information about other potential unlawful conduct by family members; (2) the names or identifying information of unauthorized immigrants who deponents know have worked or are working without proper documentation, or the names or identifying information of the source of false identification documents, except to the extent already known to Defendants through pleadings, declarations, or discovery materials in this case; and (3) the identities or employers of the Doe declarants.

B.    Plaintiffs' request for a protective order (Doc. 355) is denied with respect to the following categories of information and depositions of the Expungement Plaintiffs and Mr. Garcia:  (1) the names and immigration status of family members of deponents; (2) the current address, landlord, telephone number, telephone provider, and financial account information of the deponents; (3) with regard to the Expungement Plaintiffs, information about efforts to seek or obtain employment other than employment which was the subject of prior arrests or prosecutions under the challenged statutes; (4) with respect to Puente members, information about efforts to seek or obtain employment, but only with respect to Puente members already known to Defendants through pleadings, declarations, or discovery materials in this case.  Defendants may reopen the depositions of the Expungement Plaintiffs on these subjects and ask reasonable follow-up questions.

C.    Information disclosed pursuant to this order shall be subject to the Protective Order previously entered in this case (Doc. 250), with the following

modifications:  "Confidential Attorneys' Eyes Only Information" may be shared only with the following persons:  (a) at Iafrate & Associates, Michelle Iafrate, Kate Nelson, Cari Shehorn, and Jill Lafornara; (b) at the Maricopa County Attorney's Office, Douglas L. Irish, Thomas P. Liddy, J. Kenneth Mangum, Ann Thompson Uglietta, Sonja Kautzman, Katerina Gagic, Grace Naranjo, and Jackie Garcia; and (c) at the Attorney General's Office, Brock Heathcotte, Keith Miller, Maureen Riorden, and Susan Peterson. Defendants shall take all appropriate measures to ensure that such information is not shared with any other person or entity, in any way, without order of this Court.

D.      The Court reaches these conclusions after carefully considering the interests of both parties.  The Court finds that the information in section A(1) above is largely irrelevant to this case, and that Plaintiffs have shown that its disclosure could create risk of harm for family members.  Defendants agreed at the hearing that the information in section A(2) is not needed in this case.  The information in A(3) is protected for reasons explained in the next section of this order.

With respect to the information in section B above, the Court finds that disclosure pursuant to the narrowed protective order is warranted.  Although it is true that the Expungement Plaintiffs and Mr. Garcia have some legitimate concerns about possible disclosure of information that could lead to criminal prosecution or deportation, the information is relevant to this case and the Court concludes that the concerns are largely addressed by the existence of the protective order as narrowed in this order.

The Court finds this case distinguishable from *Rivera v. Nibco, Inc.*, 364 F.3d 1057 (9th Cir. 2004).  *Rivera* was an employment discrimination case in which the defendants sought to discover information about the immigration status of the plaintiffs, potentially exposing the plaintiffs to criminal prosecution or deportation.  The Ninth Circuit expressed concern that allowing such discovery would chill the filing of discrimination cases under Title VII because employers would "inquire into workers' immigration status" and thereby "raise implicitly the threat of deportation and criminal prosecution every time a worker, documented or undocumented, reports illegal practices

or files a Title VII action." *Id.* at 1065.  The Ninth Circuit was reluctant to "effectively grant all future employers the right to discover the immigration status of any of their employees who choose to assert a Title VII national origin claim." *Id* at 1065 n5.

This case is very different.  The Expungement Plaintiffs and Puente brought this lawsuit on the basis of their status as undocumented immigrants or an organization that seeks to aid undocumented immigrants.  Undocumented status is a foundational fact.  In addition, Plaintiffs affirmatively assert that they have been convicted of violating identity theft laws or that Puente members are currently violating such laws and therefore may be subject to prosecution.  Given these affirmative assertions by Plaintiffs, the Court cannot conclude that allowing discovery into the issues set forth in section B above is irrelevant or otherwise inappropriate.  And in light of the narrowed and restrictive protective order, the Court concludes that concerns of the Plaintiffs are adequately addressed.[1]

**III.   Doe Declarants.**

Under Ninth Circuit law, plaintiffs in a lawsuit may proceed anonymously if a district court finds anonymity appropriate after balancing five factors:  (1) the severity of the threatened harm to the plaintiffs, (2) the reasonableness of their fears, (3) their vulnerability to retaliation, (4) prejudice to the opposing party, and (5) the public interest. *Doe v. Kameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010).  The Doe declarants are members of Puente who have submitted declarations in support of Puente's standing in this case.  Doc. 130-1.  The declarations were submitted anonymously on the basis of the Court's previous finding that anonymity was warranted.  Doc. 129 at 3.  The Doe declarants seek to preserve their anonymity, while Defendants argue that they should be required to disclose their identities and submit to full depositions regarding the facts and issues in this case.

---

[1] The Ninth Circuit in *Rivera* noted that, in some situations, "the existence of post hoc legal remedies for retaliation do not necessarily provide adequate protection when plaintiffs anticipate retaliation that would result in extraordinarily burdensome consequences."  364 F.2d at 1065 n.5.  In this case, however, the Court is satisfied that the narrowed protective order will adequately protect the Expungement Plaintiffs and Puente from burdensome consequences.

Applying the Circuit's five-factor test, the Court concludes that the Doe declarants should remain anonymous. The initial three factors are quite clear: (1) because the Doe declarants are asserting that they are in this country illegally and are using false information to obtain employment, they face criminal conviction and deportation, both of which qualify as serious consequences; (2) the Doe declarants reasonably fear such consequences because they are admitting to criminal conduct; and (3) the facts admitted by the Doe declarants make them vulnerable to prosecution and deportation.

The fourth factor concerns the prejudice Defendants will suffer if the identities of the Doe declarants are not revealed. Two steps will minimize Defendants' prejudice.

First, during the hearing on January 20, 2016, Plaintiffs' counsel agreed to narrow the factual assertions being made by the Doe declarants to four: the Doe declarants are real people, they are members of Puente, they are using false identification to obtain work, and they are doing so because they are undocumented immigrants who have no Social Security numbers. The purpose of this narrowing, as discussed during the hearing, is to limit the issues on which the Doe declarants will present evidence in this case and, correspondingly, limit the evidence to which Defendants must respond.

Second, the Court will permit Defendants to conduct depositions of the Doe declarants under the following conditions. The depositions shall occur by telephone, with each Doe declarant present with counsel for Plaintiffs and a court reporter, and counsel for Defendants participating by telephone. Counsel for Plaintiffs will avow, on the record, that the Doe declarant is present with the court reporter and is one of the three individuals identified in the previous declarations submitted to the Court as John Doe I, John Doe II, or Jane Doe I. The court reporter shall place the declarant under oath to tell the truth, without using the Doe declarant's actual name. Defense counsel may then inquire into the four areas on which the Doe declarant will be providing evidence in this case. Defendants will be permitted to ask questions to confirm that the Doe declarant is a real person, such as his or her age, date of birth, place of birth, and city or town of current residence. Defendants will be permitted to inquire into the Doe declarant's involvement

in Puente and whether he or she has received assistance from Puente.  Defendants will be permitted to inquire into the Doe declarant's use of false identification to obtain work, including the kind of false identification used and the purposes to which it has been put in obtaining work.  Defendants will be permitted to inquire into the fact that the Doe declarant is an undocumented immigrant with no Social Security number, including the Doe declarant's country of citizenship, when the Doe declarant entered the United States, and how long the Doe declarant has been present in the United States.  With the subjects on which the Doe declarants will provide evidence having been narrowed, and with Defendants being permitted to conduct the depositions described above, the Court concludes that prejudice to Defendants will be minimized.

The fifth factor identified by the Ninth Circuit – the public's interest in an open and fair adjudication – is not seriously impaired.  The Doe declarants are not Plaintiffs. Each Plaintiff in this case is openly identified.  In addition, proceedings in this case will be public and the basis for the Court's ruling will be fully explained.

In sum, the Court finds that the potentially severe consequences faced by the Doe declarants and their vulnerability to such consequences outweigh any minimal prejudice suffered by Defendants from the anonymity of these non-parties.  The Court also finds that the public interest does not weigh strongly against anonymity.  The Court will grant Plaintiff's request for a protective order on the identities of the Doe declarants.[2]

**IV.    Litigation Schedule.**

The Court's Case Management Order (Doc. 162) is modified as follows:

---

[2] When the Court weighed the protections afforded by the narrowed protective order against the relevancy of the evidence to be obtained in section II.B above, it declined to grant Plaintiffs' requested protection due to the relevancy of the information sought, the fact that the Expungement Plaintiffs and Puente have affirmatively placed their immigration status and use of false documents at issue in this case, and the fact that Plaintiffs have already addressed many of the same issues in the allegations of their complaint and other materials filed in this case.  The Doe declarants are different.  They are not Plaintiffs.  They provided information only to support the standing of Puente. And the potential adverse consequences for them are severe.   Thus, although the narrowed protective order provides the same kind of protection for them as it does for the Expungement Plaintiffs, the Court views them as differently situated given their more limited role in this case and the narrowed categories of information they will provide.

A.    The fact discovery deadline is extended to **February 19, 2016**.  Defendants shall produce all emails currently under review by **February 12, 2016.**

B.    The deadline for Plaintiffs' full and complete expert disclosures is extended to **March 4, 2016**.  Defendants' full and complete expert disclosures are due on **March 25, 2016**.  Rebuttal disclosures are due on **April 15, 2016**.  Expert depositions shall be completed by **May 6, 2016.**

All other terms of the Court's Case Management Order (Doc. 162) remain in effect, including the dispositive motions deadline of **May 20, 2016**.

**IT IS ORDERED:**

1.    Plaintiffs' motion for protective order (Doc. 355) is **granted in part and denied in part** as set forth above.

2.    The motions to seal filed by the parties at Docs. 354, 356, 367, and 368 are **granted.**  The parties shall, within seven days of this order, file redacted copies of their memoranda in the public docket.  These memoranda shall be filed with a notice of filing which makes clear that they have already been addressed in this order.

3.    The motion for extension of time (Doc. 364) is **denied as moot** in light of the adjustments to the litigation schedule set forth above.

Dated this 21st day of January, 2016.

_____
David G. Campbell
United States District Judge

- 7 -