**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Puente Arizona, et al., | No. CV-14-01356-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Alleging that Defendant Joseph M. Arpaio and the Maricopa County Sheriff's Office ("MCSO") spoliated certain evidence relevant to this case, Plaintiffs ask the Court to impose sanctions. Doc. 529. The motion is fully briefed (Docs. 549, 560) and oral argument will not aid the Court's decision.[1] The Court will deny the motion.

A party seeking sanctions for the spoliation of non-electronic evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed; (2) the destruction was accompanied by a culpable state of mind; and (3) the evidence was relevant to claims or defenses in the case. *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1104–05 (D. Ariz. 2014).[2] The Court concludes that Plaintiffs have failed to establish the first element – that the MCSO Defendants had

---

[1] Plaintiffs' request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] This standard does not apply to the loss of electronically stored information ("ESI"). As of December 1, 2015, Rule 37(e) of the Federal Rules of Civil Procedure has been amended to establish standards for imposing sanctions for the spoliation of ESI. The new rule does not apply in this case because the evidence allegedly lost is not ESI.

control over relevant evidence, and a duty to preserve it, when the evidence was destroyed.

Plaintiffs contend that a duty to preserve evidence arose on June 18, 2014 – the day this lawsuit was filed. Doc. 560 at 5 & n.2. Their spoliation motion is based on the deposition testimony of Sergeant Dmitrius Whelan-Gonzalez, former head of MCSO's Criminal Employment Unit ("CEU"). Sergeant Whelan-Gonzalez became supervisor of CEU in September 2013, and remained in that position until the CEU was disbanded in January 2015. *See* Docs. 529-1 at 32; 531 at 4-5; 549 at 5. He testified that he attended "a dozen or so" meetings – "on any subject" – with the Maricopa County Attorney's Office during his time as head of the CEU. Doc. 529-1 at 40-41. He testified that he "took some notes as to what we were talking about at some point during those meetings," but that "[t]hese notes would have been destroyed shortly after I would have completed the task that was written down." *Id.* at 41-42. Plaintiffs argue that some of these notes were taken after June 18, 2014; that the notes were relevant to this case because they concerned seizure of federal I-9 forms and other discussions related to this case; and that the notes were destroyed in violation of Defendants' duty to preserve. For several reasons, the Court concludes that Plaintiffs have failed to show that relevant notes were created or destroyed on or after June 18, 2014.

First, the questioning during Sergeant Whelan-Gonzalez's deposition did not establish that he took notes on or after June 18, 2014. He testified that he attended "a dozen or so" meetings while he was in charge of CEU between September 2013 and its dissolution in January 2015, but no question tied any of those meetings to the period after June 18, 2014. To the contrary, Sergeant Whelan-Gonzalez testified that the meetings were not regularly scheduled; they were held only on an as-needed basis. *Id.* at 39, 41.

Second, Sergeant Whelan-Gonzalez was asked about meetings on "any subject." *Id.* at 40. He was not asked about meetings that specifically concerned the I-9 forms or issues relevant to this case. With respect to the one conversation he could recall about I-9 forms, the sergeant testified that he did not take notes. Doc. 551 at 8-9.

- 2 -

Third, even if Plaintiffs had established that relevant meetings occurred after June 18, 2014, Plaintiffs have not shown that Sergeant Whelan-Gonzalez took notes during those meetings. Referring to the "dozen or so" meetings he attended, the sergeant testified only that he "took some notes . . . at some point during those meetings." Doc. 529-1 at 41. He did not testify that he took notes at every meeting, or that he took notes at any meeting after June 18, 2014.

Fourth, to show that Sergeant Whelan-Gonzalez took relevant notes and destroyed them after June18, 2014, Plaintiffs rely on this exchange:

> Q: In reference to the notes that you discussed in your answer that you said you destroyed shortly after completing the task, was that your practice in June 2014 and thereafter?
>
> A: I – yes. I don't retain notes after I've transcribed them or used them.

*Id.* at 43. This question does not ask about meetings held after June 18, 2014; it asks about Sergeant Whelan-Gonzalez's "practice" after that date. And his response appears to reflect a general practice. The answer might be helpful if Plaintiffs had shown that he attended and took notes at relevant meetings after June 18, 2014, but as shown above, Plaintiffs have not made that showing.

Because Plaintiffs have failed to show that relevant notes were created or destroyed on or after June 18, 2014, they have failed to show that the MCSO Defendants should be sanctioned for failing to preserve such notes.

**IT IS ORDERED** that Plaintiffs' motion for sanctions (Doc. 529) **is denied.**

Dated this 9th day of August, 2016.

_____
David G. Campbell
United States District Judge